IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANDREW U.D. STRAW, | * | |
| PLAINTIFF, *pro se*, | * | |
| v. | * | Civil Action No. RDB-20-1315 |
| U.S. CENTERS FOR MEDICARE SERVICES (CMS), *et al.*, | * | |
| | * | |
| DEFENDANTS. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Andrew U.D. Straw ("Plaintiff" or "Straw"), proceeding *pro se*, brings this action against two federal agencies, the United States Centers for Medicare and Medicaid Services ("CMS") and the United States Social Security Administration ("SSA") (collectively, "Defendants"). Plaintiff, a United States citizen living abroad in the Philippines, challenges CMS's denial of his home health services reimbursement request and SSA's denial of his Supplemental Security Income benefits request. Plaintiff further alleges that the residency requirements under Titles XVI and XVIII of the Social Security Act, 42 U.S.C. §§ 1382c(a)(1)(B), 1395y(a)(4), violate his constitutional right to travel (Count I), and he seeks injunctive relief prohibiting CMS and SSA from restricting benefits based on his location overseas. (Count II).

Presently pending are Defendants' Motion to Dismiss Plaintiff's Complaint, or in the Alternative for Summary Judgment (ECF No. 15) and Plaintiff's Motion for Summary Judgment (ECF No. 17). The parties' submissions have been reviewed, and no hearing is

necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, Defendants' Motion to Dismiss Plaintiff's Complaint, or in the Alternative for Summary Judgment (ECF No. 15), construed as a Motion to Dismiss, will be GRANTED and Plaintiff's Motion for Summary Judgment (ECF No. 17) will be DENIED.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Straw is a United States citizen who has "severe physical and mental disabilities" including bipolar disorder, anxiety, and broken bones. (Compl. ¶¶ 1, 2, 14, ECF No. 1; Plaintiff's Aff. & Exhibits at 9, ECF No. 1-3.) He has been a recipient of Social Security disability insurance ("SSDI") since 2008 and currently receives $1,188 per month in SSDI benefits. (Compl. ¶¶ 14, 17.) In 2010, Straw became a Medicare beneficiary, receiving access to coverage under Parts A, B, and D of the Medicare program. (*Id.* ¶ 15.)

On or about May 27, 2018, Plaintiff alleges that he entered into a contract with Leslie C. Tabbada, a Filipino home health/mental health aide, who agreed to provide home health services to Plaintiff in the Philippines. (*Id.* ¶ 18; Plaintiff's Aff. & Exhibits at 9, ECF No. 1-3.) On or about June 15, 2018, Plaintiff moved to the Philippines and has resided there ever since. (Compl. ¶¶ 1, 18.) Pursuant to the contract, Plaintiff allegedly pays Ms. Tabbada $350 per day at a rate of $14.58 per hour for 24-hour care. (*Id.* ¶ 18; Plaintiff's Aff. & Exhibits at 9, ECF No. 1-3.)

2

On April 18, 2020, Straw submitted a claim to the Medicare program seeking reimbursement in the amount of $242,550 for home health care services he received between May 27, 2018 and April 18, 2020. (Compl. ¶¶ 20-21; Plaintiff's Aff. & Exhibits at 8-10, Form CMS-1490-S, ECF No. 1-3.)  On April 22, 2020, CMS's contractor, Novitas Solutions, Inc. ("Novitas") mailed Plaintiff a letter, rejecting his claim for Medicare reimbursement. (Plaintiff's Aff. & Exhibits at 6-7, ECF No. 1-3.)  Novitas explained that it could not process Plaintiff's claim because the home health care services were provided outside of the United States and were not provided in connection with a covered inpatient hospitalization, rendering such services as specifically excluded from coverage under 42 U.S.C. § 1395y(a)(4).  (*Id.*)

Plaintiff also allegedly contacted the SSA's Federal Benefits Unit at the United States Embassy in Manila, Philippines, requesting concurrent Supplemental Security Income ("SSI") benefits due to his "situation." (Compl. ¶ 23.)  On or about May 15, 2020, the Federal Benefits Unit informed Plaintiff that SSI is not available overseas.  (*Id.* ¶¶ 23, 24; Plaintiff's Aff. & Exhibits at 11, ECF No. 1-3.)  Plaintiff filed suit in this Court against Defendants on May 27, 2020. (Compl., ECF No. 1.)  On October 16, 2020, Defendant filed the presently pending Motion to Dismiss.  (ECF No. 15.)  On October 30, 2020, Plaintiff filed a Motion for Summary Judgment. (ECF No. 17.)

## ANALYSIS

This Court is mindful of its obligation to liberally construe the pleadings of pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim, *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990), or

3

"conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). In making this determination, this Court "must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F. 2d 721, 722-23 (4th Cir. 1989).

Plaintiff challenges the constitutionality of two provisions of the Social Security Act, which he alleges violate his constitutional right to travel, and seeks injunctive relief prohibiting CMS and SSA from denying him benefits based on his location overseas. Defendants seek to dismiss Plaintiff's Complaint for: (1) lack of subject matter jurisdiction because Plaintiff failed to exhaust administrative remedies, (2) improper venue, and (3) failure to state a claim. Plaintiff, on the other hand, seeks summary judgment on his claims. For the reasons explained below, Plaintiff's Complaint must be dismissed.

**I.     Failure to exhaust administrative remedies.**

A motion to dismiss for failure to exhaust administrative remedies is governed by Rule 12(b)(1) of the Federal Rule of Civil Procedure, which requires dismissal when the court lacks subject matter jurisdiction. *Khoury v. Meserve,* 268 F.Supp.2d 600, 606 (D. Md. 2003); *Clarke v. DynCorp Intern. LLC*, 962 F. Supp. 2d 781, 786 (D. Md. 2013). The plaintiff bears the burden to show that jurisdiction exists. *Id.*

In this case, dismissal is warranted because Plaintiff has failed to exhaust his administrative remedies for claims arising under the Social Security Act. A claim arises under the Social Security Act when that statute provides "both the standing and the substantive basis for" the claim, regardless of whether the claim also arises under other statutes or constitutional guarantees. *See Heckler v. Ringer*, 466 U.S. 602, 615, 620 (1984); *Weinberger v. Salfi*, 422 U.S.

749, 757 (1975); *Buckner v. Heckler*, 804 F.2d 258, 259 (4th Cir. 1986). Section 405(g) of the Social Security Act, made applicable to the Medicare Act by 42 U.S.C. § 1395ii, permits judicial review of such claims only after a "final" agency decision. *See* 42 U.S.C. §§ 405(g)-(h), 1395ii.

Straw's claims clearly arise under the Social Security Act as he is challenging the lawfulness of the SSA's and CMS's denial of his requested benefits. *See Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000). Nor does Straw's framing of his challenge as a constitutional one allow him to avoid the Social Security Act's judicial review requirements under Sections 405(g) and (h). *See id.* (the Social Security Act "plainly bars…review in such a case, irrespective of whether the individual challenges the agency's denial on evidentiary, rule-related, statutory, constitutional, or other legal grounds."). Accordingly, Straw was required to exhaust his administrative remedies before filing suit in this Court.

Plaintiff has not exhausted his administrative remedies for any of his claims because he did not receive a final agency decision from either the U.S. Department of Health and Services or the Social Security Administration. Plaintiff's reimbursement request in the amount of $242,550 for home health services was denied for failure to comply with the requirements of a Medicare claim, specifically that the recipient reside in the United States. (*See* Plaintiff's Aff. & Exhibits at 6-7, ECF No. 1-3.); 42 U.S.C. § 1395y(a)(4). While the Medicare statute provides an administrative appeal process for beneficiaries who are dissatisfied with the agency's decision, 42 U.S.C. § 1395ff, it does not allow for appeals of agency determinations that are not "clean," or claims that are facially defective. *See* 42 U.S.C. §§ 1395ff(a)(2)(B), 1395u(c)(2)(B)(i) ("the term 'clean claim' means a claim that has no defect or impropriety"). Plaintiff's request for Medicare benefits could not be processed because "Medicare law

5

prohibits payment for items and services furnished outside the United States except in certain limited circumstances." (Plaintiff's Aff. & Exhibits at 6-7, ECF No. 1-3.)  Plaintiff's requested services were performed outside of the United States and he did not qualify for the limited exceptions for covered inpatient hospitalization.  (*Id.*)  Accordingly, Plaintiff's claim was facially defective in its failure to present a proper claim for Medicare benefits, depriving this Court of jurisdiction to review the denial of such claim.

In addition, Plaintiff's request for Supplemental Security Income ("SSI") is wholly defective as he failed to file an application for the benefit and never received an "initial determination" required before appeal.  *See* 20 C.F.R. § 416.1402.  Plaintiff provides only his email request and a corresponding response from the SSA's Federal Benefits Unit stating, "Only those residing in the US can apply and receive SSI benefits." (Plaintiff's Aff. & Exhibits at 11, ECF No. 1-3.)  Plaintiff never formally applied for SSI benefits nor did he begin the administrative review process as required under 42 U.S.C. § 405(g).  Accordingly, Plaintiff has failed to exhaust his administrative remedies, depriving this Court of jurisdiction over his claims.

**II.   Venue**

Even if this Court had jurisdiction over Plaintiff's claims, this Court is not the proper venue for such claims.  Pursuant to Rule 12 (b)(3) of the Federal Rules of Civil Procedure, a court may dismiss a case for improper venue.  Fed. R. Civ. P. 12(b)(3).  "In this circuit, when venue is challenged by a motion to dismiss, the plaintiff bears the burden of establishing that venue is proper." *Jones v. Koons Automotive, Inc.*, 752 F. Supp. 2d 670, 679-80 (D. Md. 2010) (citing *Gov't of Egypt Procurement Office v. M/V ROBERT E. LEE*, 216 F. Supp. 2d 468, 471 (D.

Md. 2002)). Like a motion to dismiss for lack of personal jurisdiction, "in deciding a motion to dismiss [for improper venue], all inferences must be drawn in favor of the plaintiff, and 'the facts must be viewed as the plaintiff most strongly can plead them.'" *Three M Enters., Inc. v. Tex. D.A.R. Enters., Inc.*, 368 F. Supp. 2d 450, 454 (D. Md. 2005) (quoting *Sun Dun, Inc. of Washington v. Coca-Cola Co.*, 740 F. Supp. 381, 385 (D. Md. 2005)). In reviewing a motion to dismiss under Rule 12(b)(3), the Court may consider evidence outside the pleadings. *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.,* 471 F.3d 544, 550 (4th Cir. 2006).

Venue for claims arising under the Social Security Act "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia." 42 U.S.C. § 405(g). Accordingly, because Plaintiff resides in the Philippines, the proper venue for his claims is the United States District Court for the District of Columbia. (*See* Compl. ¶ 1, ECF No. 1.) While this Court has discretion to transfer this action to the District of Columbia, such transfer would be futile because Plaintiff's Complaint must be dismissed for lack of jurisdiction and for failure to state a claim.

### III.    Rule 12(b)(6) Motion to Dismiss

Even if this Court had jurisdiction and was the proper venue for Plaintiff's claims, Plaintiff has nonetheless failed to state a claim for relief. Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief

can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The United States Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)). Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679.

Straw alleges that the residency requirements under Titles XVI and XVIII of the Social Security Act, 42 U.S.C. §§ 1382c(a)(1)(B), 1395y(a)(4), violate his constitutional right to travel. The Supreme Court of the United States expressly rejected this constitutional challenge in *Califano v. Aznavorian*, 439 U.S. 170, 176 (1978). In *Aznavorian*, the Supreme Court explained that, while "the constitutional right of *interstate* travel is virtually unqualified," the "'right' of

*international* travel has been considered to be no more than an aspect of the 'liberty' protected by the Due Process Clause of the Fifth Amendment." 439 U.S. at 176 (citations omitted) (emphasis added). This "right" to international travel "can be regulated within the bounds of due process," and "[u]nless the limitation imposed by Congress is wholly irrational, it is constitutional in spite of its incidental effect on international travel." *Id.* Accordingly, the Supreme Court determined that the residency requirement of the SSI program was not an unconstitutional infringement of the right to international travel. *Id.* Here, Plaintiff cannot state a claim for relief because his constitutional claim is foreclosed by *Aznavorian*.

IV.  **Plaintiff's Motion for Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249. In undertaking this inquiry, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007).

Plaintiff's Motion for Summary Judgment restates the allegations set forth in his Complaint—namely, that Defendants wrongfully denied him Medicare and Supplemental Security Income benefits in violation of his right to travel. As discussed above, however, Plaintiff has failed to exhaust his administrative remedies for his claims, has brought suit in the wrong venue, and has failed to state a claim for relief. Accordingly, there is no basis to grant summary judgment in favor of Plaintiff, and his Motion must be DENIED.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss Plaintiff's Complaint, or in the Alternative for Summary Judgment (ECF No. 15), construed as a Motion to Dismiss, is GRANTED and Plaintiff's Motion for Summary Judgment (ECF No. 17) is DENIED.

A separate Order follows.

Dated: December 9, 2020

                                                 /s/                

                                        Richard D. Bennett  
                                        United States District Judge